# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOSSIMO GIANNULLI and LORI LOUGHLIN,<br><br>      Defendants. | Case No. 19-cr-10080 |

**DECLARATION OF DEFENDANT LORI LOUGHLIN
REGARDING ALLEGED CONFLICTS OF INTEREST**

I, Lori Loughlin, declare as follows:

1.   This Declaration is based on my personal knowledge and, if called upon, I would testify to these facts under penalty of perjury.

2.   In March 2019, my husband, Mossimo Giannulli, contacted his attorney at Latham & Watkins LLP about retaining Latham to represent Moss and me jointly in this matter. I know that Latham has represented Moss and his various companies for many years in numerous matters, and that he values the advice of his attorneys with Latham and trusts them.

3.   Before we hired Latham in this case, Moss and I spoke with and met with Perry J. Viscounty, a partner with Latham. Viscounty explained to us that joint representation—as opposed to having counsel represent us individually—entailed significant risks.

4.   Viscounty explained that joint representation could result in divided, or at least shared, attorney-client loyalties, and that this could materially limit Latham's representation of Moss or me if it were to happen.

5. Viscounty further explained that Latham would not advise or represent Moss or me adversely to each other. And he told us that communications that Moss or I had with Latham during the course of the representation would not be privileged from disclosure between us.

6. Viscounty told us that, although there did not appear to be any conflict of interest between Moss and me, it was conceivable that such a conflict could develop as this case progresses.

7. In addition, Viscounty explained that if a conflict did develop between Moss and me, Latham could be required to withdraw from representing one or both of us, and that this would require us to retain new counsel. He explained that, if that were to happen, it would involve additional expense, delay, and loss of familiarity with the case.

8. Viscounty stressed that we should consider if we had any concerns about Latham's limitations, and their effect on Latham's ability to represent us.

9. Viscounty told Moss and me that we each had a right to retain counsel to represent us individually, both in this matter generally and to advise us about Latham's limitations in this representation. And he encouraged us to seek such counsel.

10. I understood Viscounty's explanations about the potential risks that joint representation entails, and I understood that I have a right to individual counsel. Notwithstanding those risks, I still wanted—and continue to want—Latham to represent me and Moss jointly in this matter.

11. On March 15, 2019, Moss and I jointly executed an engagement letter with Latham that formalized our understanding of our relationship with Latham and consented to the risks of joint representation.

12. Independent of his explanations about the risks inherent in joint representation, Viscounty also informed Moss and me that Latham represents USC in an unrelated matter.

13. Viscounty told us that Latham therefore cannot be adverse to USC, and detailed what this means—that Latham cannot cross-examine USC witnesses, issue subpoenas to USC, or be involved in any aspect of the case that requires acting in direct opposition to USC. He explained that, to the extent this case required acting adverse to USC, Latham would recuse itself from those components and non-Latham co-counsel would need to handle those aspects of the case.

14. Viscounty also encouraged Moss and me to seek counsel about the effects of this limitation on Latham's ability to represent us, and explained that we each had a right to individual, conflict-free counsel.

15. I understood Viscounty's explanations about the limitations imposed on Latham as a result of its representation of USC. Notwithstanding those limitations, I still wanted—and continue to want—Latham to represent me and Moss jointly in this matter.

16. On April 10, 2019, Moss and I jointly consented in writing to Latham's continued representation of us notwithstanding Latham's representation of USC, and notwithstanding the limitations imposed on Latham as a result of that representation.

17. Even so, Moss and I have both retained independent counsel to represent us alongside Latham. I retained Marc Harris and David Scheper of Scheper Kim & Harris LLP.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on June 25, 2019, in Los Angeles.

_____
Lori Loughlin