# Exhibit E

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3

 4    UNITED STATES OF AMERICA         )
                                       )
 5                                     )
      vs.                              )  CR No. 19-10117-IT
 6                                     )
                                       )
 7    STEPHEN SEMPREVIVO               )

 8

 9

10    BEFORE:   THE HONORABLE INDIRA TALWANI

11

12

13                            PLEA

14

15

16         John Joseph Moakley United States Courthouse
                          Courtroom No. 9
17                       One Courthouse Way
                          Boston, MA 02210
18                      Tuesday, May 7, 2019
                             2:30 p.m.
19

20
                     Cheryl Dahlstrom, RMR, CRR
21                     Official Court Reporter
           John Joseph Moakley United States Courthouse
22                One Courthouse Way, Room 3510
                          Boston, MA 02210
23          Mechanical Steno - Transcript by Computer

24

25
```

```
 1    APPEARANCES:

 2    ON BEHALF OF THE GOVERNMENT:

 3         OFFICE OF THE UNITED STATES ATTORNEY
           By:  Eric S. Rosen, AUSA
 4              Justin D. O'Connell, AUSA
                Leslie Wright, AUSA
 5         One Courthouse Way
           Boston, Massachusetts 02210
 6
      ON BEHALF OF THE DEFENDANT:
 7
           LAW OFFICE OF STEVEN C. BOOZANG
 8         By:  Steven C. Boozang, Esq.
           450 Washington Street
 9         Dedham, Massachusetts 02026

10         LAW OFFICES OF KENNER & GREENFIELD
           By:  David S. Kenner, Esq.
11              Brett A. Greenfield, Esq.
           16633 Ventura Boulevard
12         Encino, California 91436

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    appellate right.  And here he's gaining significantly from that
 2    from the guidelines calculation.
 3              THE COURT:  But I think the concern on restitution --
 4    I think the concern on restitution is essentially what you're
 5    saying is that there should just be a blank check.  You have
 6    given no indication of what you would seek for restitution.  We
 7    have no clue what those numbers are going to be.
 8              MR. ROSEN:  Your Honor, I don't have --
 9              THE COURT:  And he can't even assess it because if you
10    are -- take the same position -- if the government takes the
11    same position here, essentially, it's entirely in the hands of
12    a party that's not here.  They could just decide that every
13    single proceeding they're going to be flying back and forth and
14    hiring the most expensive lawyers they can find and so on.
15    It's not in his control.
16              MR. ROSEN:  Your Honor, respectfully, I don't agree
17    with that.  I don't have the power to award a restitution.
18    It's your Honor either at sentencing or in a proceeding
19    afterwards.  I can make a motion to seek restitution, but,
20    ultimately, the amount is governed by your Honor.  I also
21    think that in the first --
22              THE COURT:  Just hold onto that point though just to
23    be clear.  So the government doesn't take a position on what
24    the restitution is.  I have to apply the law --
25              MR. ROSEN:  Correct.
```

1        THE COURT:  -- in whatever sentencing decisions I
2   make.  But for some reason, the government is insistent that I
3   be given unbridled discretion in that the defendant can't
4   appeal that -- even as to the restitution, which is an unknown
5   figure here, that there would be no right of appeal, whereas it
6   couldn't be because of a real interest in finality because if,
7   for example, I were to decide not to award restitution, the
8   government could appeal it.
9        So you've taken no position here on what the
02:56 10  appropriate restitution is, and you are essentially saying,
11   Judge, do whatever you want here, but just know that anything
12   that you do on this completely unlimited matter, the government
13   retains the right to appeal, and the defendant has no right to
14   appeal.
15        MR. ROSEN:  Well, (a), I don't think the amount of
16   restitution here is going to be significant in terms of -- we
17   have 30-odd parents, a lot of whom -- a bunch of whom were at
18   Georgetown.  So I don't think it's -- divided up by a number of
19   people, I don't think it's going to be unduly high.  I don't
02:57 20  think this is the case where we're going to seek millions and
21   millions of dollars worth of restitution.  Obviously, I would
22   have made that known.
23        But I think the most part of the plea agreement,
24   obviously, is, you know, (a), restitution to be determined in
25   an amount at sentencing.  So it's impossible for me to sort of

1    -- in a case that's really at its inception determine how much
2    restitution will be awarded or even if restitution at all will
3    be awarded or if the victim here, Georgetown, will even seek
4    restitution to begin with.
5              THE COURT:  Yes.  But the only issue is not to
6    determine the amount of restitution but to determine whether
7    the defendant is giving me a blank check on this.  That's all.
8              MR. ROSEN:  Well, I think -- you know, every defendant
9    has to do his or her own balancing act.  And the balancing act
10   done here was that the government's offering what I think to be
11   a very favorable resolution to the case, and in exchange he
12   gives up his appellate rights.
13             THE COURT:  But with regard to this particular point,
14   it's -- who knows how favorable it is or isn't, right?  I may
15   decide that this -- what has happened in this whole series is a
16   -- is of such magnitude that the restitution owed to the
17   victims is a far greater number, right?  We're talking about
18   gain or loss, and I'm not sure who the loss is, but presumably
19   it's a loss to the universities.
20             I mean, you're -- I find -- I guess my question is:  I
21   understand the negotiation.  I understand this is a voluntary
22   agreement that was negotiated on known terms.  I don't
23   understand the unknown term here where there is no -- you have
24   no idea what the numbers are.  I have no idea what the numbers
25   are.  He has no idea what the numbers are.  But what you're

1 saying, essentially, is I choose the number, and he has no
2 right to appeal it and you do.
3        MR. ROSEN:  Judge, respectfully, it's the same with
4 the sentence.  We're making a recommendation.  I don't know
5 what the -- what Probation, your Honor, will calculate.  It's
6 the same with the fine.  We're making a recommendation.  I
7 don't know what your Honor --
8        THE COURT:  Right.  But you're not making a
9 recommendation on the restitution.  You're just leaving it
02:59 10 blank right now, and then you will make whatever argument you
11 want about restitution down the road.
12        MR. ROSEN:  First of all, I mean, all the cases I've
13 done are sort of -- are all like that.  ==It's impossible at the==
14 ==plea to know exactly who's entitled to restitution, whether==
15 ==other victims will come forward or not, whether victims will==
16 ==even seek restitution.  These are unknowns.==
17        I think the point of the appellate waiver is you're
18 getting something.  We're getting something.  And the -- and to
19 do all these carve-outs for specific things, I don't think
03:00 20 would be in the best use of -- really of anybody's time
21 especially when we're giving what I think to be a very
22 favorable recommendation here.  I think --
23        THE COURT:  Well, it's not my role to renegotiate your
24 deal and if this is what he's asked for -- but when you're
25 coming and asking me to what might be at sentencing novel

1    questions certainly with regard to any restitution to a victim

2    here, I don't think you have much precedent for how you would

3    give restitution on this type of a claim.  And so you're asking

4    me to -- that I will be asked to look at this and try to

5    determine what's happening.  And I have to say, in that

6    circumstance where you have a plea agreement that does not

7    carve out his right to appeal it and gives you a right to

8    appeal it, I would be very conservative in entertaining any

9    novel ideas on the restitution.

03:00  10             MR. ROSEN:  I understand.  As of this moment, the only

11    restitution that I can imagine at this time is restitution

12    related perhaps to legal fees that would be distributed amongst

13    all the defendants who participated in the criminal activity

14    involving Georgetown.  That's the only thing I can think of.

15    Whether Georgetown will even seek that or move to be heard on

16    that is another matter.  I just don't know.  So I -- you know,

17    there are always unknowns when you go from a plea to a

18    sentence.  And I think the -- you know, I think it's a mistake

19    to carve out one particular provision from a holistic plea

03:01  20    agreement to say this wasn't bargained for.

21             THE COURT:  But you don't have to convince me of what

22    you think is a good or bad plea.  I'm not negotiating with you.

23    I don't have the opportunity to negotiate.  Counsel expressed

24    his reservation about the restitution.  It seems like a very

25    wise reservation.  I'm advising you that, in the event that you

C E R T I F I C A T E

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter to the best of my skill and ability.

/s/Cheryl Dahlstrom

Cheryl Dahlstrom, RMR, CRR

Official Court Reporter

Dated: May 9, 2019