UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-10080-NMG |
| ) | |
| (4)   GAMAL ABDELAZIZ, ) | |
| (8)   MOSSIMO GIANNULLI, ) | |
| (11)  DOUGLAS HODGE, ) | |
| (14)  LORI LOUGHLIN, ) | |
| ) | |
| Defendants. ) | |

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
REGARDING CONFLICTS OF INTEREST

The government respectfully submits this memorandum in response to the supplemental brief filed by defendant Douglas Hodge pursuant to this Court's request for additional information following the July 22, 2017 hearing concerning conflicts of interest.

Ropes's continued insistence there is no direct adversity "because the criminal proceedings will not adjudicate any of U.S.C.'s legal rights" is untenable. Hodge Supp. Br. at 3. As set forth in the government's opening brief and discussed extensively at the *Foster* hearing, any cross examination by Ropes attorneys of U.S.C. witnesses runs counter to Ropes's duty of loyalty to U.S.C. Gov. Reply Br. at 4 (citing Mass. R. Prof. Resp. 1.7 cmt. 6; ABA Formal Op. 92-367 at 1, 3 (Oct. 16, 1992)). And the conflict neither begins nor ends there. Discovery also presents direct adversity, as could opening and closing statements. *Id.* at 4–5, 11–12 (citing, *inter alia*, NYCBA Formal Op. 2017-6 at 3–4 (2001); California State Bar Formal Op. 2011-182 (Jan. 2011)).

It is no answer that Ropes "expects" that Hodge's defense "will center on" his alleged lack of knowledge and intent. Hodge Supp. Br. at 3. Ropes has not disclaimed any potential defenses

on Hodge's behalf, nor could it reasonably do so at this early stage of the litigation. Accordingly, its continued representation of both Hodge and U.S.C. is presumptively disallowed by Rule 1.7 in the absence of consent by both parties—consent that U.S.C. has refused to provide. Mass. R. Prof. Conduct 1.7(b)(4) & cmt 2.

Moreover, whether U.S.C.'s consent is required or not, restrictions on Ropes's representation of the defendant vis-à-vis U.S.C. are. *See* Gov. Reply Br. at 7–8 (explaining that even a material limitation under Mass. R. Prof. Conduct 1.7(a)(2) requires such restrictions). Ropes concedes as much, Hodge Supp. Br. at 3, but the restrictions to which it accedes are inadequate. "Conflict counsel" is not, in fact, conflict counsel unless it is acting independent of conflicted counsel concerning defenses that implicate the other client. Ropes conspicuously fails to acknowledge this restriction, however, maintaining instead that the "entire defense team" will be involved in "overall case strategy." Hodge Supp. Br. at 3–4. In relying in support of this position on the court's statement in *United States v. Lorenzana-Cordon* that conflict counsel could be involved in discussions concerning "overall strategy of [the] case," Ropes overlooks that the court elsewhere made clear that conflict counsel's actions on behalf of the defendant were limited to "information that he or she has gathered through his or her own independent investigation and preparation." 125 F. Supp. 3d 129, 137 (D.D.C. 2015). Similarly, in noting that the law firm in *United States v. Zarrab* represented one of the eight victim banks in a substantially related matter, Ropes overlooks that the restrictions on the law firm's ability to "advance[e]" or "develop[]" "any argument that the Client Banks were anything but 'victims' of [the defendant's conduct]" ran to *all eight* of the banks, including the seven banks that the firm represented in entirely unrelated matters. No. 15-cr-867 (RMB), 2017 WL 946334, at *3 (S.D.N.Y. Feb. 15, 2017).

2

As these and other authorities make clear, *see* Gov. Reply Br. at 12–13, the use of conflict counsel is an insufficient antidote to conflicting client loyalties absent a bar not only on Ropes's involvement in discovery, openings, closings, and cross-examination relating to U.S.C., but also on strategizing about defenses that implicate the university.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s Alexia R. DeVincentis*
ERIC S. ROSEN
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
ALEXIA R. DEVINCENTIS
Assistant United States Attorneys

Date: July 26, 2019

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s Alexia R. DeVincentis*
ALEXIA R. DEVINCENTIS
Assistant United States Attorney

Date: July 26, 2019