## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

MOSSIMO GIANNULLI and LORI
LOUGHLIN,

Defendants.

Case No. 19-cr-10080

### DEFENDANTS MOSSIMO GIANNULLI AND LORI LOUGHLIN'S SUPPLEMENTAL RESPONSE TO THE GOVERNMENT'S MOTION FOR HEARING REGARDING CONFLICTS OF INTEREST

Defendants Mossimo Giannulli and Lori Loughlin submit this Supplemental Response to the Government's Motion for Hearing Regarding Conflicts of Interest (ECF No. 400) to apprise the Court of recent developments bearing on the purported conflict of interest involving their counsel of choice, Latham & Watkins LLP, and USC. As Defendants explained in their Response filed June 27, 2019 (ECF No. 445), USC's representation by a different Latham team—on a real-estate dispute that is entirely unrelated to this case—did not pose any current or foreseeable conflict because of Latham's robust ethics wall and proposed reliance on co-counsel to avoid direct adversity with USC. But the only matter in which Latham had still been representing USC has now been fully resolved. Latham no longer represents USC, and the Government's asserted conflict of interest therefore no longer exists.

Until recently, the sole matter in which Latham was still representing USC was a real-estate matter involving the Los Angeles Memorial Coliseum Commission. *See* Giannulli & Loughlin Resp. at 2, ECF No. 445; Decl. of Perry J. Viscounty ¶¶ 5-6, ECF No. 445-1. Last week, Latham completed its work on that matter. *See* Suppl. Decl. of Perry J. Viscounty ¶¶ 2-3, attached as

Ex. A.   In that representation, Latham fully carried out its assigned duties and fulfilled its responsibilities to USC.  *See id.* ¶ 2.  In addition, Latham's work on the Memorial Coliseum matter was completely screened off from Latham's work on this matter, and it was not affected by Latham's representation of Giannulli and Loughlin in any way.  *See* Decl. of Perry J. Viscounty ¶¶ 23-25; *see also* Giannulli & Loughlin Resp. at 3-4, 13.  Once its work on the matter was completed, Latham provided USC with a disengagement letter formalizing the conclusion of Latham and USC's attorney-client relationship.  *See* Ex. A ¶ 3.

The Government's Motion had asserted that Latham would be conflicted in this case under Massachusetts Rule of Professional Conduct 1.7, which governs conflicts involving "Current Clients."  But because Latham's representation of USC has now concluded, Rule 1.7 no longer applies to this case.  Instead, Rule 1.9—which details an attorney's "Duties to Former Clients"— now governs.  And, under Rule 1.9, there is no plausible argument that a conflict exists or is reasonably foreseeable.

Rule 1.9 provides in full as follows:

> **(a)** A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> **(b)** A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
> > **(1)** whose interests are materially adverse to that person; and
> >
> > **(2)** about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
>
> **(c)** A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

> **(1)** use confidential information relating to the representation to the disadvantage of the former client or for the lawyer's advantage or the advantage of a third person, except as Rule 1.6, Rule 3.3 or Rule 4.1 would permit or require with respect to a client; or
>
> **(2)** reveal confidential information relating to the representation except as Rule 1.6, Rule 3.3 or Rule 4.1 would permit or require with respect to a client.

Rule 1.9's provisions essentially bar an attorney from doing two things. *First*, Rule 1.9(a) bars an attorney from representing a person "in the same or a substantially related matter" that the attorney represented a former client in if the person's interests "are materially adverse" to the former client. *Second*, Rule 1.9(c) bars an attorney from using or revealing confidential information about her former client.[1] But Rule 1.9 in no way forbids an attorney *generally* from representing a person whose interests are adverse to a former client. There is only one scenario in which such representation is improper: if the representation is "in the same or a substantially related matter" in which the attorney represented the former client. Mass. R. Prof.'l Conduct 1.9(a).

Some courts and commenters have described Rule 1.9 as embodying the principle that "a law firm retains a limited duty of loyalty to a former client." *Nat'l Med. Care, Inc. v. Home Med. of Am., Inc.*, No. 00-cv-1225, 2002 WL 31068413, at *8 (Mass. Super. Ct. Sept. 12, 2002). Rule 1.9's "limited duty of loyalty" consists of an ongoing duty of *confidentiality*, as well as a related duty not to represent an adverse party in the same or a substantially related matter without prior consent. Even the courts that use the "limited duty of loyalty" language recognize that the underlying duty is one of confidentiality. *See id.* ("In short, the spirit of Rule 1.9 is that a law firm retains a limited duty of loyalty to a former client—*it may not use a former client's confidential*

---

[1]   Rule 1.9(b) is a combination of these two provisions and addresses the specific situation of attorneys who have switched law firms.  It is inapplicable here.

*information against that client, and should not represent a new client in any matter where the former client reasonably should fear that its earlier confidences will be misused*." (emphasis added)).  As the Massachusetts Supreme Court explained in analyzing a former-client conflict under the precursor to the current Rules, "[t]he conflict of interest in representing a current client with interests adverse to those of a former client arises from the attorney's duty under Canon 4 *to preserve his client's confidences and secrets*."  *Masiello v. Perini Corp.*, 477 N.E.2d 1020, 1024 (Mass. 1985) (emphasis added) (citation omitted); *accord Adoption of Erica*, 686 N.E.2d 967, 971 (Mass. 1997); *Bays v. Theran*, 639 N.E.2d 720, 724 (Mass. 1994).

Under Rule 1.9, there is no longer even a potential for Latham to face a conflict due to USC's involvement in this case.  *See, e.g.*, *Coke v. Equity Residential Props. Tr.*, 800 N.E.2d 280, 284 (Mass. 2003) (holding that disqualification motion was mooted by movant's termination of law firm giving rise to the alleged conflict).  Latham has never represented USC in this matter "or a substantially related matter," so Rule 1.9(a) poses no bar to Latham's representation of Giannulli and Loughlin.  That is true regardless of whether this case will involve "material advers[ity]" between Giannulli or Loughlin and USC.

Nor is there any conflict under Rule 1.9(c).  Latham is was aware of and scrupulously adheres to its duty to protect the confidences of all of its current and former clients, and will do the same respecting USC.  Moreover, because Latham's current representation of Giannulli and Loughlin is completely unrelated to its prior representation of USC in the Memorial Coliseum Matter or any other matter, there is no actual risk that Latham would use or reveal confidential information it learned from its representation of USC.  *See Masiello*, 477 N.E.2d at 1024 ("Clearly, where the judge determines that there exist no confidences from the first representation which

would be relevant to the second, disqualification is unnecessary and the parties' choice of counsel should prevail.").

*   *   *

Latham continues to believe that its representation of USC never posed a current or foreseeable conflict of interest (*see* Giannulli & Loughlin Resp. at 12-20), but the conclusion of Latham's attorney-client relationship with USC conclusively moots that issue.

Dated:  August 9, 2019

Respectfully submitted,

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz (*admitted pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Phone: 312.777.7700
Fax: 312.993.9767
sean.berkowitz@lw.com

William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Phone: 617.948.6000
william.trach@lw.com

Perry J. Viscounty (*admitted pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Phone: 714.540.1235
perry.viscounty@lw.com

Roman Martinez (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Phone: 202.637.2200
roman.martinez@lw.com

*Counsel for Mossimo Giannulli and Lori Loughlin*

/s/ George W. Vien
George W. Vien (BBO #547411)
Joshua N. Ruby (BBO #679113)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street
Suite 1600
Boston, MA 02110
Phone: 617.720.2880
Fax: 617.720.3554
gwv@dcglaw.com
jnr@dcglaw.com

/s/ Mark E. Beck
Mark E. Beck  (*admitted pro hac vice*)
Mark Beck Law, A Professional Corporation
350 West Colorado Boulevard
Suite 200
Pasadena, CA 91105
Phone: 213.596.7828
mbeck@markbecklaw.com

*Counsel for Mossimo Giannulli*

/s/ David C. Scheper
David C. Scheper (*admitted pro hac vice*)
SCHEPER KIM & HARRIS LLP
601 West Fifth Street
12th Floor
Los Angeles, CA 90071
Phone: 213.613.4655
Fax: 213.613.4656
dscheper@scheperkim.com

*Counsel for Lori Loughlin*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed with the Clerk of the United States District Court for the District of Massachusetts via the CM/ECF system, which will notify all participants in the case who are registered CM/ECF users; these are identified on the Notice of Electronic Filing.  Paper copies will be sent via first class mail on August 9, 2019, to those participants identified as not being registered.

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz