# Exhibit F



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 27, 2019

**VIA E-MAIL**
Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611

      Re:   *United States v. Mossimo Giannulli and Lori Loughlin*,
             No. 19-cr-10080-NMG

Dear Mr. Berkowitz:

    As we have indicated to you under separate cover, we have re-reviewed the FBI 302 reports of witness interviews in this case and – although we do not believe that any of the information set forth below is exculpatory – we are disclosing it to you in an abundance of caution.

- Rick Singer has advised the government, in sum and in substance, that: (a) Singer told Giannulli and Loughlin that, in exchange for getting Isabella admitted to the University of Southern California ("USC") as a recruited coxswain, they would need to write a $50,000 check to Donna Heinel at USC and pay an additional $200,000 through the KWF; (b) Lori Loughlin was in charge and told the couple's daughters that they needed to do better in high school; (c) Singer did not have to explain how the side door scheme would work with Olivia since both Giannulli and Loughlin were familiar with the scheme since they had used it to secure Isabella's admission to USC; (d) as far as Singer was aware, Isabella and Olivia took their standardized tests on their own; and (e) when Philip Petrone began asking questions about why Olivia was admitted to USC as a recruit to the crew team (given that she did not participate in crew), Singer told Giannulli that Petrone could mess things up and advised Giannulli to speak with Petrone.

- Josh Adams, USC's crew coach, has advised the government, in sum and in substance, that, while it was not typical, the USC crew team sometimes would have walk-on coxswains without experience.

- Philip Petrone, Co-Director of College Counseling at Marymount high school, has advised the government, in sum and in substance, that: (a) Giannulli asked if Petrone had told USC that his daughters were bad candidates, and Petrone confirmed that he did not; and (b) Giannulli told Petrone that Olivia was a coxswain; and (c) Petrone told Giannulli that he would tell USC that Olivia was a coxswain.

- Jacqueline Landry, Head of School at Marymount high school, has advised the government, in sum and in substance, that: (a) Giannulli told Petrone that Olivia rowed crew at a private club; and (b) Landry told Giannulli that Marymount would not interfere with Olivia's application to USC.

We are aware of the continuing nature of our discovery obligations, and we will continue to make additional disclosures as required. We reiterate our request for reciprocal Rule 16 discovery.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: */s/ Kristen A. Kearney*
ERIC S. ROSEN
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
Assistant U.S. Attorneys